THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ELEARNING, LLC, a Utah company,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT VICKERS, an individual; and EXPITRANS, INC., a Delaware corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00464-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

## BACKGROUND[1]

Plaintiff eLearning, LLC ("Plaintiff") filed its original complaint in this case in Utah Third District Court on June 14, 2023, asserting a single cause of action for unjust enrichment.[2] Defendants Scott Vickers and ExpiTrans, Inc. (collectively, "Defendants") removed the case to this court on July 17, 2023.[3] On August 25, 2023, with Defendants' consent,[4] Plaintiff filed its first amended complaint, again asserting only one cause of action for unjust enrichment.[5]

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 3.

[2] ECF No. 1-1.

[3] ECF No. 1.

[4] ECF No. 15.

[5] ECF No. 17.

The original scheduling order was entered on October 18, 2023, which, among other things, set a November 30, 2023 deadline for Plaintiff to move to amend its complaint.[6] That scheduling order was later amended several times based on stipulated motions from the parties, but Plaintiff's deadline for moving to amend its complaint was never amended.[7] During discovery, Defendants responded to Plaintiff's discovery requests, with Defendants' final document production occurring on January 27, 2025.[8]

On October 2, 2025, Plaintiff's current counsel substituted for Plaintiff's original counsel.[9] On January 28, 2026—nearly four months after Plaintiff's current counsel appeared, over one year after Defendants' final document production, and over two years after Plaintiff's deadline for moving to amend its complaint—Plaintiff filed a motion for leave to file a second amended complaint, seeking to assert six additional causes of action.[10] Plaintiff contends that its "current counsel reviewed discovery obtained during the course of litigation and determined that Plaintiff was entitled to assert several causes of action in addition to" the unjust enrichment claim.[11] Plaintiff also asserts that "Defendants will not be prejudiced" by the amendment "because all of the relevant facts have already been discovered," and it is "unlikely that

---

[6] ECF No. 22.

[7] ECF Nos. 23-48, 52-53.

[8] ECF No. 60-1 at ¶¶ 2-3.

[9] ECF No. 49.

[10] ECF No. 56.

[11] *Id*. at 3-4.

Defendants will need to conduct any additional discovery themselves."[12] Defendants opposed

Plaintiff's motion.[13] Plaintiff did not reply.

## LEGAL STANDARDS

"Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4) govern where, as here, a party

seeks leave to amend a pleading after the deadline for amending set in a scheduling order has

passed."[14] "In the Tenth Circuit, courts apply a two-step analysis based on both Rule 16(b) and

Rule 15(a) when deciding a motion to amend that is filed beyond the scheduling order

deadline."[15]

First, "the court must determine whether the moving party has established good cause

within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[16] "'Good

cause' under Rule 16 is a 'more stringent standard than the standards for amending a pleading

under Rule 15.'"[17] "In practice, the Rule 16(b)(4) standard requires the movant to show the

---

[12] *Id*. at 5.

[13] ECF No. 60.

[14] *9 Square in the Air, LLC v. Mountainville Com., LLC*, No. 2:22-CV-00335, 2023 WL 2504604, at *2 (D. Utah Mar. 14, 2023) (citation modified); *see also Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) ("A party seeking leave to amend after a scheduling order deadline must satisfy both the Rule 16(b) and Rule 15(a) standards."); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (providing that a party seeking leave to amend the complaint after a scheduling order deadline must satisfy the standards of both Rule 16(b)(4) and Rule 15(a)(2)).

[15] *9 Square in the Air, LLC*, 2023 WL 2504604, at *2 (citation modified).

[16] *Id*. (citation modified); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("[P]arties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

[17] *9 Square in the Air, LLC*, 2023 WL 2504604, at *2 (quoting *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)).

scheduling deadlines cannot be met despite the movant's diligent efforts."[18] "District courts are 'afforded wide discretion' in determining whether the movant has shown good cause."[19]

If the movant shows good cause under Rule 16(b)(4), the court "then proceed[s] to determine if the more liberal Rule 15(a) standard for amendment has been satisfied."[20] That standard provides that "[t]he court should freely give leave" to amend pleadings "when justice so requires."[21] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[22] The decision about whether to provide a party leave to amend its pleadings "is within the discretion of the trial court."[23]

**ANALYSIS**

The court denies Plaintiff's motion for leave to file a second amended complaint because: (I) Plaintiff fails to show good cause to support amending the scheduling order to extend the deadline for moving to amend its complaint; and (II) even if Plaintiff had made that showing, it fails to demonstrate that it should be given leave to file a second amended complaint. Each reason for denying Plaintiff's motion is addressed in turn.

---

[18] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (citation modified).

[19] *9 Square in the Air, LLC*, 2023 WL 2504604, at *2 (quoting *Bylin*, 568 F.3d at 1231).

[20] *Id.* (citation modified).

[21] Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[22] *Bylin*, 568 F.3d at 1229 (citation modified).

[23] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation modified).

**I.    Plaintiff Fails to Show Good Cause to Support Amending the Scheduling Order to Extend the Deadline for Moving to Amend Its Complaint.**

Plaintiff fails to fails to meet the requirements of Rule 16(b)(4) because it was not diligent regarding the scheduling order's amendment deadline. Although true that good cause under Rule 16(b)(4) may be shown "if a plaintiff learns new information through discovery,"[24] the party moving for amendment in those circumstances "must show good cause . . . for the length of time between learning of the new information warranting amendment and moving to amend."[25] The moving party "cannot establish good cause if [it] knew of the underlying conduct but simply failed to raise its claims."[26]

Plaintiff fails to provide any explanation for the delay between learning of any purportedly new information in discovery and the date it moved to amend. Instead, Plaintiff asserts only that its "current counsel reviewed discovery obtained during the course of litigation and determined that Plaintiff was entitled to assert several causes of action in addition to" the unjust enrichment claim.[27] Noticeably absent from that assertion are any details about what new information Plaintiff's current counsel discovered, exactly when Plaintiff's current counsel discovered that information, and why it took over one year to move to amend after Defendants' final document production. Without those details, Plaintiff fails to show good cause.[28] Even with

---

[24] *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.

[25] *Gary G. v. United Healthcare*, No. 2:17-CV-00413-DN-DAO, 2021 WL 778578, at *1 (D. Utah Mar. 1, 2021) (citation modified).

[26] *Husky Ventures, Inc.*, 911 F.3d at 1020 (citation modified).

[27] ECF No. 56 at 3-4.

[28] *Seale v. Peacock*, No. 19-CV-03559-KMT, 2021 WL 927632, at *3 (D. Colo. Mar. 11, 2021) (concluding that the plaintiff failed to establish good cause for extending the deadline for his

that information, however, a diligence finding is doubtful given that the purportedly new information was knowable through existing discovery that has been in Plaintiff's possession for over a year.

To the extent that Plaintiff attempts to rely on the substitution of its current counsel to show good cause to extend the deadline for its untimely motion to amend, that attempt fails because such a substitution generally does not support a finding of good cause.[29] Further, even if the substitution of Plaintiff's current counsel could support a showing of good cause, Plaintiff fails to demonstrate good cause because Plaintiff provides no explanation for the nearly four-month delay between Plaintiff's current counsel's appearance and the filing of Plaintiff's motion to amend.[30] Thus, Plaintiff fails to show good cause even if the substitution of its current counsel is considered. And the motion to amend is denied under Rule 16(b)(4).

---

untimely motion to amend based on the discovery of new information because the motion was "devoid of any specific explanation of when" he discovered the new information); *Bauer v. Crete Carriers Corp.*, No. 118CV01536PABSKC, 2019 WL 7290939, at *5 (D. Colo. Nov. 1, 2019) (concluding that the plaintiffs failed to establish good cause to amend the deadline for their untimely motion to amend based on the discovery of new information because they did not "elucidate on what it is they learned or when"); *Butler Nat. Serv. Corp. v. Navegante Grp., Inc.*, No. CIV.A. 09-2466-JWL, 2011 WL 941017, at *3 (D. Kan. Mar. 16, 2011) (concluding that the plaintiff failed to establish good cause to extend the deadline for its untimely motion to amend based on the discovery of new information because it made only "general statements that it learned additional information through discovery" and did "not point to a single, specific piece of information supporting its proposed . . . claim that [it] obtained through discovery conducted after the deadline for amending pleadings").

[29] *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1254 (D. Colo. 2011) (denying the plaintiff's untimely motion to amend based upon the appearance of new counsel because "the addition of counsel generally does not amount to good cause under the standard set out in [Rule 16(b)(4)]").

[30] *Est. of Medina v. Samuels*, No. 20-CV-01443-NYW, 2022 WL 194480, at *6 (D. Colo. Jan. 21, 2022) (concluding that the plaintiff failed to establish good cause to extend the deadline for its untimely motion to amend based on the discovery of new information because it did "not provide any reason" for the delay of "at least two months, and as much as five months," between discovery of the new information and the filing of its motion to amend).

**II.    Even if Plaintiff Had Shown Good Cause, It Fails to Demonstrate That It Should Be Given Leave to File a Second Amended Complaint.**

Even if Plaintiff had been able to demonstrate good cause under Rule 16(b)(4), it fails to show that it should be given leave to file a second amended complaint because: (A) Plaintiff's motion for leave to amend was unduly delayed; and (B) permitting Plaintiff to file a second amended complaint would unduly prejudice Defendants. Each issue is addressed in order below.

A.    Plaintiff's Motion for Leave to Amend Was Unduly Delayed.

Plaintiff's motion for leave to amend was unduly delayed because Plaintiff fails to provide any adequate explanation for the untimeliness of the motion. "It is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."[31] When considering whether the delay in moving to amend is undue, courts in the Tenth Circuit must "focus[] primarily on the reasons for the delay."[32] The Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[33]

As demonstrated above, Plaintiff has not provided any adequate explanation for the delay in moving to amend. Without such explanation, Plaintiff cannot carry its burden under Rule

---

[31] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citation modified); *see also Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) ("In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend."); *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend. . . . [P]rejudice to the opposing party need not also be shown.").

[32] *Minter*, 451 F.3d at 1206.

[33] *Id.* (quoting *Frank*, 3 F.3d at 1365-66).

15(a)(2).[34] Accordingly, even if Plaintiff could meet Rule 16(b)(4)'s requirements, the court would deny Plaintiff's motion under Rule 15(a)(2).

    B.  <u>Permitting Plaintiff to File a Second Amended Complaint Would Unduly Prejudice Defendants.</u>

Allowing a second amended complaint at this late stage of litigation would unduly prejudice Defendants. "The . . . most important . . . factor in deciding a motion to amend the pleadings . . . is whether the amendment would prejudice the nonmoving party."[35] "For purposes of Rule 15, undue prejudice means undue difficulty in . . . defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[36]

Contrary to Plaintiff's assertions that "all of the relevant facts have already been discovered" and that it is "unlikely that Defendants will need to conduct any additional discovery themselves,"[37] allowing Plaintiff's proposed second amended complaint with six new causes of action would undoubtedly require reopening discovery and extending other deadlines in a case that has been pending for nearly three years. Defendants, who have completed discovery and moved for summary judgment,[38] would be prejudiced by that delay. On that alternative ground, the court denies Plaintiff's motion.

---

[34] *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[The plaintiff] filed her amended complaint three months after the scheduling order deadline for such amendments, yet never explained the delay. This unexplained delay alone justifies the district court's discretionary decision.").

[35] *Minter*, 451 F.3d at 1207.

[36] *Weeks v. McLaughlin*, No. CIV.A. 09-2498-CM, 2010 WL 4115390, at *1 (D. Kan. Oct. 19, 2010) (citation modified).

[37] ECF No. 56 at 5.

[38] ECF No. 63.

## ORDER

For the reasons stated above, Plaintiff's motion for leave to file a second amended complaint[39] is DENIED.

IT IS SO ORDERED.

DATED this 8th day of May 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[39] ECF No. 56.